having relied upon their right to have a verdict directed in their favor, and, as shown, the defendant not being entitled to have such motion granted, and no request having been made to go to the jury upon the question of damages, it was proper, upon the case as it then stood, for the court to direct a verdict for the plaintiff, and in this disposition we can find no error. As there are no other questions presented upon this appeal, the judgment must be affirmed, with costs and disbursements. All concur.

(68 Hun, 150.)

In re KNOEDLER.

(Supreme Court, General Term, First Department. March 17, 1893.)

LEGACY TAX—WHAT SUBJECT TO—LIFE INSURANCE POLICIES.

The proceeds of life insurance policies payable to the insured, his executors, etc., are assets, and are subject to the legacy tax.

Appeal from surrogate's court, New York county.

Petition by Roland F. Knoedler for the appraisement of certain legacies, and the assessment of collateral inheritance taxes thereon, under the last will and testament of John Knoedler, deceased. From an order of the surrogate affirming, on the formal appeal required by section 13 of the collateral inheritance act, an order theretofore made by said surrogate, confirming the reports of the appraiser appointed under said act, and assessing and fixing the cash value at the decedent's death of the property bequeathed to each of the appellants, subject to the payment of said tax, at the sum of $34,213.61, and assessing the tax due thereon from each of the appellants at the sum of $1,710.68, petitioner and others appeal. Affirmed.

The opinion of Surrogate RANSOM is as follows:

"The deceased died in June, 1891, leaving a will by which, after the usual provision for his debts and funeral expenses, he gave the entire residue of his estate to his brother Michael, and in case of his death before him to be divided in equal shares between his children and their issue. The brother predeceased the testator, leaving issue. Amongst the property which came into the possession of the executors were four policies of insurance, three of which were payable to the deceased, his executors, administrators, and assigns; the fourth being a paid-up policy, payable to the decedent's 'legal representatives.' When the matter of the appraisement came up, the administrator c. t. a. claimed that the proceeds of those policies formed no part of the estate of the testator. It did not appear from the proofs introduced before the appraiser what the terms or character of the policies were, and it was remitted to the appraiser for the purpose of having this proof introduced. Sworn copies of the policies were put in evidence before the appraiser, and the matter now comes up for determination.

"It is claimed on behalf of the administrator (1) that the interest of the testator in the policies did not constitute property; (2) that, if they were property of the testator, he did not die seised or possessed of the same, and that, consequently, the proceeds are not subject to the provisions of the act taxing bequests. Before stating my conclusions, I will refer to a few authorities not cited in the briefs of counsel, which, to my mind, are influential in ascertaining the true rule in cases of this character. In Re Van Dermoor, 42 Hun, 326, the court states: 'If there were no beneficiary named in the policy, probably the amount received would be assets. But, where there is a beneficiary, we think the amount received is not assets, for it belongs to the beneficiary, and not to creditors or legatees. And it

belongs to her, if at all, not by virtue of any will of the testator, or of any administration of his estate, but by a contract of the company under which they were to pay it, as she claims, for her benefit. The executor, therefore, has in this particular, if the petitioner is right, no will of the testator to execute.' Winterhalter v. Workmen, 17 Pac. Rep. 1, was decided in the supreme court of California in March, 1888. In this case, the policy, 'shall be paid to ——, subject to his will.' The insured never filled in the blank by inserting the name of a beneficiary, but left a will whereby he bequeathed to his mother all his estate and effects. The plaintiff was named as executor. The application of the insured contained the following clause: 'I hereby authorize and direct that the amount of said guaranty fund to which I may be entitled shall at my death be paid subject to my will.' The court said: 'The question presented for determination upon the facts is this: Is the executor entitled to recover the sum due decedent, or does it go directly to his mother? It may be stated that, where a policy of life insurance expressly designates a person as entitled to receive the insurance money, such designation is conclusive, in the absence of some question as to the rights of creditors. The receipt of the person designated will discharge the insurer, and he may sue for a recovery of the amount due at the maturity of the policy. In such cases the legal representative of the insured has no claim upon the money, and cannot maintain action therefor. It forms no part of the assets of the estate of the insured. * * * Nor was there any special designation of the mother of deceased as the beneficiary of the amount to be realized on this policy in the will of the deceased, except that all of his property was bequeathed to her after the payment of his debts and liabilities. * * * The testator has bequeathed the fund in question to his mother, subject to the payment of his debts; and, as these can only be paid through the intervention of his executor, the court below was correct in its conclusion that the executor was a proper party to have and recover the fund out of which such debts, if any, are to be paid.' In Insurance Co. v. Kinnier, 28 Grat. 88, a policy of insurance on a building insured K. and his legal representatives. The building having been burned after the death of K., his administratrix brought suit on the policy. The chief question was that the action should have been brought by the heirs of the plaintiff's intestate. The court said: 'I do not think this is the proper construction of the policy. The policy declared upon, and as set out, is a contract to indemnify Alexander Kinnier personally. The words "legal representatives," as used, are of the same import as the words "executors, administrators, personal representatives." The policy, as set out, is a simple contract; and, upon the death of Alexander Kinnier, passed, like his bonds, notes, and other choses in action, to his administratrix, and she only had a right of action upon it.' In Kelley v. Mann, 56 Iowa, 625, 10 N. W. Rep. 211, by the terms of the policy, the amount was payable to the 'legal representatives.' The insured died intestate, leaving a widow and two children. The widow was appointed administratrix, and collected the policy. Sections 2371, 2372, of the Code provide 'that the avails of any life insurance * * * are not subject to the debts of the deceased, * * * but shall, in all other respects, be disposed of like other property left by the deceased.' The court said: 'That a life policy is assets of the estate, the same as any other chose in action, cannot be seriously questioned. The only difference is in the manner of distribution. The general assets are liable for the debts of the estate, and the avails of life insurance are required to be paid to the wife and children of the intestate.' This last provision is, of course, by specific statutory regulation, and would not apply in this state. While there may be grave doubt as to the liability to the tax of the proceeds of a policy of life insurance which is collected by a beneficiary specified in the policy, I do not think it can be seriously questioned that where the policy is made payable to the deceased, or to his personal representatives, that the proceeds form part of the assets of the deceased,—constitute a fund out of which creditors and legatees are to be paid; that these proceeds pass by the will of the decedent, or the statute of distributions, and are subject to taxation under the law. The interest of the deceased in the policies was property of which he was possessed during his lifetime. It was assignable, and it is matter

of common knowledge that merchants frequently obtain large credits, and to a considerable extent transact business, upon the collateral security afforded by property of this character. Should the insurer become insolvent, or for any other reason wind up its affairs, the policy holder would be entitled to share in its assets. The fact that this interest which he has may lapse by reason of his failure to carry out the terms of the contract by the payment of premiums, or do any other act by which his interest is forfeited, does not deprive his interest of the character of property. It might as well be argued that a leasehold was not property, of which a testator died possessed, because he was liable to forfeit the same by nonpayment of the rent.

"The claim is also made that the testator had no property rights in the policies which could be assessed at the time of his death; that these policies, during the lifetime of the decedent, are but contracts enforceable only after the death of the decedent, and that it would be absurd to say that the decedent died seised or possessed of property in these policies, when the thing could not be or become property until after he died. There are numerous cases holding that the policy is a chose in action, and to say that the fact that the proceeds could not be collected, under the terms of the contract, until the death of the insured deprived it of the character of property, is really as absurd as it would be to say that a promissory note payable upon the death, or after the death, of the payee, was not property of which he was possessed during his life and at his death. Submit order confirming appraiser's report, and assessing and fixing the tax."

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

B. F. Watson, for appellant.
Edgar J. Levey, (E. R. Olcott, of counsel,) for respondent.

PER CURIAM. We think that the order appealed from in this action should be affirmed, with costs, upon the opinion of the court below.

---

(68 Hun, 100.)

HIGGINS v. O'DONNELL et al.

(Supreme Court, General Term, First Department. March 17, 1893.)

ACTION ON ACCOMMODATION NOTE—DEFENSES.
    In an action by a bank on a negotiable note payable to B., who indorsed the same to plaintiff, an answer by the makers, alleging that it was an accommodation note given to B. at the request of the bank, and that the understanding was that B. should pay the same at maturity, constitutes no defense, since the answer contains no allegation that the bank agreed with the makers not to look to them for payment.

Appeal from circuit court, New York county.
Action by Francis Higgins, as receiver of the North River Bank, against Neil O'Donnell and Hugh O'Donnell, impleaded with another, on negotiable notes. There was judgment for plaintiff on a verdict directed by the court, and defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

Hudspeth & Collier, (E. L. Collier, of counsel,) for appellants.
Durnin & Hendrick, for respondent.

O'BRIEN, J. The action was brought to recover upon promissory notes made by the defendants to the order of one Thomas Bracken,